IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EPOS TECHNOLOGIES LTD.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PEGASUS TECHNOLOGIES LTD.,<br><br>　　　　　　　　　Defendant. | Case No.　07-cv-00416 (RWR) |

**PLAINTIFF EPOS TECHNOLOGY LTD.'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD**

　　　　Plaintiff EPOS Technologies Ltd. ("EPOS") filed this action for declaratory relief on March 1, 2007. Defendant Pegasus Technologies Ltd. ("Pegasus") has asserted that EPOS' digital pen product infringes four U.S. patents in Pegasus' portfolio. EPOS now wishes to serve the complaint and summons in this case on Pegasus, a resident of Israel, through the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention"), and seeks the permission of the Court to do so.

　　　　Specifically, EPOS respectfully seeks the following: (1) a Court order permitting service on Pegasus, a nonresident patent owner, of the summons and complaint through the Central Authority in Israel; and (2) issuance by the Court of a Request for Service Abroad of Judicial or Extrajudicial Documents ("Request for Service Abroad") addressed to the Central Authority in Israel, in order to summon Pegasus to appear in this case.[1] The Request for Service Abroad is

---

[1] Counsel for EPOS previously has made Pegasus aware of this lawsuit by faxing and mailing a notification letter on March 2, 2007, the day after the Complaint was filed. The letter was addressed to Pegasus' counsel in Israel who previously had written to EPOS on behalf of Pegasus alleging infringement of Pegasus' patents. Pegasus' letter appears as Exhibit 1 to the Declaration of Monica L.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Footnote continues on next page.)

la-907329

attached hereto as Exhibit A.  This application is made pursuant to, and in conformity with, (1) 35 U.S.C. § 293, which provides for long-arm jurisdiction over nonresident patentees and for service of process, and (2) the Hague Convention.

Defendant Pegasus has asserted that its patent portfolio includes U.S. Patent Nos. 6,392,330; 6,624,371; 6,841,742; and 6,326,565, and it has further alleged that EPOS's digital pen product infringes these patents.  (Scheetz Decl., at ¶ 1 & Exh. 1.)  Pegasus is a resident of Israel, not the United States.  (*Id.* at ¶ 2 & Exh. 2.)

Under 35 U.S.C. § 293, Pegasus is subject to the jurisdiction of this Court.  Section 293 provides that a nonresident patent owner "may file with the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder.  If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court of the District of Columbia shall have jurisdiction . . . ."  The Manual of Patent Examining Procedure ("MPEP") further provides, "The designation of domestic representative should always be a paper separate from any assignment document, in order that the paper of designation can be retained in the appropriate application or patent file.  Also, there should be a separate paper of designation of representative for each patent or application, so that a designation paper can be placed in each file."  MPEP § 302.04.  There is no designation of a domestic representative in the file histories of any of the patents-in-suit.  (Scheetz Decl. at ¶ 3.)  Accordingly, the District of Columbia has jurisdiction over this matter.

---

(Footnote continued from previous page.)

Scheetz in Support of Plaintiff's Application for an Order Permitting Service of Process through the Hague Convention and for the Issuance of a Request for Service Abroad ("Scheetz Decl."), filed concurrently herewith.
    Also, in advance of the formal service process, EPOS today is sending to Pegasus a courtesy copy of the complaint, summons, and other documentation by both U.S. mail and UPS overnight international delivery.

2

la-907329

Section 293 of the patent code states that where the foreign patent owner has not designated a domestic representative, "summons shall be served by publication or otherwise as the court directs." 35 U.S.C. § 293. By this application, EPOS seeks a Court order permitting service of the summons and complaint in this case through the Central Authority in Israel, in accordance with Article 5 of the Hague Convention. Fed. R. Civ. P. 4(f) permits service through the Hague Convention, and this mode of service is preferable to service by publication because the former provides Pegasus with actual, rather than constructive, notice of this action.

In order to effect service through the Hague Convention, EPOS further asks (1) that the Court approve the attached Request for Service Abroad; (2) that after the Court has signed the Request for Service Abroad, the Clerk of this Court authenticate the Court's signature under the seal of this Court; and (3) that the Request for Service Abroad be thereafter returned by the Clerk to counsel for EPOS: John L. Kolakowski, Morrison & Foerster LLP, 2000 Pennsylvania Ave., NW, Suite 5500, Washington, DC 20006. Counsel will promptly cause the Request for Service Abroad to be transmitted to the Central Authority in Israel for execution in conformity with Article 5 of the Convention.

Dated this 9th day of March, 2007.

Respectfully Submitted,

By: _____/s/_____
    John L. Kolakowski (DC Bar No. 476628)
    G. Brian Busey (DC Bar No. 366760)
    MORRISON & FOERSTER LLP
    2000 Pennsylvania Ave., NW Suite 5500
    Washington, DC 20006
    Telephone: (202) 887-1500
    Facsimile: (202) 887-0763

Attorneys for Plaintiff
EPOS TECHNOLOGIES LTD.

la-907329

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EPOS TECHNOLOGIES LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PEGASUS TECHNOLOGIES LTD.,<br><br>Defendant. | Case No.   07-cv-00416 (RWR) |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD**

Upon consideration of the Application for a Court Order Permitting Service of the Summons and Complaint through the Hague Convention of 15 November 1965 and for Issuance of a Request for Service Abroad ("Application") on this ____ day of _____, 2007, it is hereby ordered:

1. That Plaintiff EPOS Technologies Ltd. is permitted to serve the summons and complaint in this case on Defendant Pegasus Technologies Ltd. through the Hague Convention of 15 November 1965;

2. That the attached Request for Service Abroad of Judicial or Extrajudicial Documents is approved and shall be signed by the Court;

3. That the Clerk of this Court shall authenticate the Court's signature under the seal of this Court;

4. That the Clerk shall then return the Request for Service Abroad to counsel for EPOS:  John L. Kolakowski, Morrison & Foerster LLP, 2000 Pennsylvania Ave., NW, Suite 5500, Washington, DC 20006.

la-907329

2

     5.     That counsel for EPOS shall promptly cause the Request for Service Abroad to be transmitted to the Central Authority in Israel for execution in conformity with Article 5 of the Hague Convention of 15 November 1965.

                           SO ORDERED:

                           Honorable Richard W. Roberts
                           United States District Court Judge

3

## NOTIFICATION LIST PURSUANT TO LCvR 7(k)

**Counsel for Plaintiff EPOS TECHNOLOGIES LTD.:**

George Brian Busey, Esq.
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW Suite 5500
Washington, DC 20006
Telephone:  (202) 887-1500
Facsimile:  (202) 887-0763

John L. Kolakowski, Esq.
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW Suite 5500
Washington, DC 20006
Telephone:  (202) 887-6926
Facsimile:  (202) 785-7506

**Defendant PEGASUS TECHNOLOGIES LTD.:**

Pegasus Technologies Ltd.
27 Hametzuda Street
Azur 58001
Israel

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF EPOS TECHNOLOGY LTD.'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD** was filed electronically with the Court and served on the following party on March 9, 2007:

Mr. Gideon Shenholz, CEO
Pegasus Technologies Ltd.
27 Hametzuda Street
Azur 58001
Israel
(972)-(3)-5500633

(Via both UPS overnight international delivery and U.S. mail)

                                          /s/
                                  _____
                                  John L. Kolakowski

                                  MORRISON & FOERSTER
                                  2000 Pennsylvania Avenue, N.W.,
                                  Suite 5500
                                  Washington, DC 20006-1888
                                  (202) 887-6926

4

la-907329

**EXHIBIT A**

**TO**

**PLAINTIFF EPOS TECHNOLOGY LTD.'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD**

**U.S. Department of Justice**
United States Marshals Service



# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION À L'ETRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

| **Identity and address of the applicant** *Identité et adresse du requérant* | **Address of receiving authority** *Adresse de l'autorité destinataire* |
|---|---|
|   |   |

**The undersigned applicant has the honour to transmit -- in duplicate-- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e., (identity and address)**
*Le requérant soussignée a l'honneur de faire parvenir--en double exemplaire--à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir:*
  *(identité et adresse)*

_____
_____

☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
  *a) selon les formes légales (article 5 alinéa premier, lettre a).*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
  *b) selon la forme particulière suivante (article 5, alinéa premier, lettre b) :*

_____
_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*:
  *c) le cas échéant, par remise simple (article 5, alinéa 2).*

**The authority is requested to return or to have returned to the applicant a copy of the documents and of the annexes with a certificate as provided on the reverse side.**
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

List of documents                              Done at _____, the _____
*Enumération des pièces*                        *Fait à _____, le _____*

_____         Signature and/or stamp
_____         *Signature et/ou cachet*
_____
_____

*Delete if inappropriate                                                       Form USM-94
*Rayer les mentions inutiles.*                                                 Est. 11/77
(Formerly OBD-116, which was formerly LAA-116, both of which may still be used)

# CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
*1) que la demande a été exécutée*
- the (date) -- *le (date)* _____
- at (place, street, number) - *à (localité, rue, numéro)*

_____

- in one of the following methods authorized by article 5:
- *dans une des formes suivantes prévues à l'article 5:*

☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
*a) selon les formes légales (article 5. alinéa premier, lettre a)*

☐ (b) in accordance with the following particular method:
*b) selon la forme particulière suivante:* _____

☐ (c) by delivery to the addressee, who accepted it voluntarily.*
*c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

- (identity and description of person)
- *(Identité et qualité de la personne)*

_____

- relationship to the addressee family, business or other
- *liens de parenté de subordination ou autres avec le destinataire de l'acte:*

_____

2) that the document has not been served, by reason of the following facts*:
*2) que la demande n'a pas été exécutée, en raison des faits suivants:*

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pieces renvoyées*

_____

_____

_____

In appropriate cases, documents establishing the service:      Done at _____ , the _____
*Le cas échéant, les documents justificatifs de l'exécution:*   *Fait à _____ , le _____*

Signature and/or stamp
*Signature et/ou cachet*

_____       _____

# SUMMARY OF THE DOCUMENT TO BE SERVED
*ÉLÉMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents In civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye, le 15 novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa quatre)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*

_____

**Particulars of the parties:**
*Identité des parties:*

_____

## JUDICIAL DOCUMENT
*ACTE JUDICIA IRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

_____

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*

_____

**Date and place for entering appearance:**
*Date et lieu de la comparution:*

_____

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*

_____

**Dale of judgment**:**
*Date de la décision:*

_____

**Time limits stated in the document**:**
*Indication des délais figurant dans l'acte:*

_____

## EXTRAJUDICIAL DOCUMENT
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*

_____

**Time limits stated in the document:****
*Indication des délais figurant dans l'acte:*

_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EPOS TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> PEGASUS TECHNOLOGIES LTD., <br><br> Defendant. | Case No.   07-cv-00416 (RWR) |

**DECLARATION OF MONICA L. SCHEETZ IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD**

I, Monica L. Scheetz, declare as follows:

I am an associate at the law firm of Morrison & Foerster LLP, counsel for Plaintiff EPOS Technologies Ltd. ("EPOS") in this action. I have personal knowledge of the facts set forth below or have knowledge of the facts based on information and belief, and if called as a witness could and would competently testify thereto.

1. Attached hereto as Exhibit 1 is a true and correct copy of a letter from Israeli counsel for Defendant Pegasus Technologies Ltd. ("Pegasus") to EPOS dated December 31, 2006, wherein counsel for Pegasus states that Pegasus believes that EPOS's digital pen product infringes one or more claims of the patents at issue in this case.

2. Attached hereto as Exhibit 2 is a true and correct copy of a printout from Pegasus' website (last visited March 8, 2007). The attached webpage, which is entitled "Company Profile," states, "Founded in 1991, Pegasus is headquartered in Tel-Aviv, Israel."

la-907660

3.  I have reviewed the prosecution histories of the patents-in-suit, and I did not find any document designating a domestic representative for purposes of 35 U.S.C. § 293.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 9, 2007, at Los Angeles, California.

*/s/ Monica L. Scheetz*
Monica L. Scheetz
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013
Telephone: (213) 892-5749
Facsimile: (213) 892-5454

la-907660

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DECLARATION OF MONICA L. SCHEETZ IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD** was filed electronically with the Court and served on the following party on March 9, 2007:

Mr. Gideon Shenholz, CEO
Pegasus Technologies Ltd.
27 Hametzuda Street
Azur 58001
Israel
(972)-(3)-5500633

(Via both UPS overnight international delivery and U.S. mail)

                                                 /s/
                                    John L. Kolakowski

MORRISON & FOERSTER
2000 Pennsylvania Avenue, N.W.,
Suite 5500
Washington, DC 20006-1888
(202) 887-6926

**EXHIBIT 1**

**TO**

**DECLARATION OF MONICA L. SCHEETZ IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD**

# DR. MARK FRIEDMAN LTD.
## PATENT ATTORNEYS

**Partners**
DR. MARK M. FRIEDMAN, Chem. Eng.°
DANIEL MICHAELS, Phys.
DR. ALAN ROSENTHAL, Chem. Phys.
SHALOM LAMPERT, Chem. Eng.
DR. MENACHEM NATHAN, Mat. Sci.
°ALSO ADMITTED IN THE USPTO

**Legal Department**
DR. MARK M. FRIEDMAN, Adv.°
ARYEH LITT, Adv.
CHAIM CROWN, Adv. °°
EYAL BOOTON, Adv.
ALAN J. BARTH, Adv. °°°
SHARON BAR-ZIV, Adv.
KENNETH BESSER, Adv. °°°°
DR. DANIEL LASER, Adv.
°ALSO ADMITTED IN TEXAS
°°SOLICITOR OF THE SUPREME COURT OF ENGLAND
°°°ALSO ADMITTED IN CONN. & MASS.
°°°°ADMITTED IN OHIO & TENN. ONLY

**Of Counsel**
DR. ZVI TAMIR, Adv.
NAVEH, KANTOR, EVEN-HAR, Adv.

MOSHE AVIV TOWER, 54TH FLOOR
7 JABOTINSKY STREET
RAMAT GAN 52520
ISRAEL

TELEPHONE: 972 3 6114100
FACSIMILE: 972 3 6114101
EMAIL: patents@friedpat.com
WEBSITE: www.israel-patent.com

Financial Controller: Yoel Bader
Chief Paralegal: Nomi Mizrachi
Head Secretary: Revital Elkanar
Notary: Aryeh Litt
Regulatory Consultant: Dr. Malka Chen Zion
Tech. Commercial Develop.: Avner Farkash
IP Portfolio Manager: Dr. Koby Karin

**Senior Associates**
DR. HANAN FARBER, Phys.
DR. MOSHE VAN DYKE, Phys.°
DINAH LEWITAN, Bio.°
DR. DANIEL LASER, Chem. Phys.
DR. SHIMON LESSOFF, Aeron. Eng
YEHOSHUA LINDBERG, Mech. Eng.
° ADMITTED IN THE USPTO ONLY

**Associates**
DR. REUVEN MOUALLEM, Chem. Phys.
ZEV FARKAS, Elec. Eng.
SHARONE TAYAR, Biochem.
DR. DANIEL FARB, Med.
HAIM FACTOR, Mech. Eng.°
KENNETH BESSER, Chem.
YAIR DAVID, Aeron. Eng.
DR. MERVYN DOOBOV, Phys.
ZEV KREMENCHUGSKY, Chem.
ITZHAK EFRAIM, Chem. Eng.
ITZHAK KATZ, Comp. Sci.
JOE BAZES, Chem. Eng.
DR. ROBERT VASL, Biochem.
° ADMITTED IN THE USPTO ONLY

31 December, 2006

EPOS Development Ltd.
4 Haharash St. P.O. Box 7159
Hod-Hasharon, 45240
Israel
Fax: 97297625777

Dear Sirs,

This firm represents Pegasus Technologies Ltd. hereinafter "Pegasus" in intellectual property matters. Pegasus maintains a large portfolio of patents and patent applications designed to protect its highly valuable proprietary technology.

It has recently come to Pegasus' attention that EPOS Technologies Ltd. is about to introduce an ultasonic digital pen product. We believe that this product infringes one or more claims of at least the following issued US patents:

US 6,392,330

US 6,724,371

US 6,841,742

US 6,326,565

You are hereby requested to forbear from making, using and/or selling the infringing product. Pegasus is determined to vigorously enforce its intellectual property and will weigh all its legal options.

Yours truly,

Dr. Mark Friedman

Cc: Intel Capital
Shlomo Caine, Director, Central and Eastern Europe, Russia @ Israel Ruthie Sharon: Marketing Manager

Cc: Walden Israel
85 Medinat Hayehudim
P.O. Box 4078
Building G-10th Floor
Herzliya Pituach, Israel
Telephone : 97299618000
Fax: 97299513461

Cc: Jerusalem Technology Park
Building 1
Malha, Jerusalem 91487

**EXHIBIT 2**

**TO**

**DECLARATION OF MONICA L. SCHEETZ IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER PERMITTING SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION AND FOR THE ISSUANCE OF A REQUEST FOR SERVICE ABROAD**

Homepage > About Us > Company Profile

# Company Profile

Pegasus Technologies is a leading provider of breakthrough handwriting input solutions. Through its state-of-the-art technology and close cooperation with its distribution channels and OEM partners, the Company aims to bring digital pens to the market either as standalone products or a an integrated solution with its partners' products such as storage devices and various computer peripherals.

Pegasus' Digital Pen is the world's first device that enables users to write on plain paper with a cordless, regular-size pen and simultaneously create a digital ink copy of whatever they write , without using a digitizing surface.

Founded in 1991, Pegasus is headquartered in Tel-Aviv, Israel. The Company initially established itself as a leading provider of 3D multimedia products. In 1997, the Company has changed it's strategy responding to the growing market need for natural handwriting and portable electronics. Today Pegasus Technologies is the world's largest supplier of digital pens and owns a broad patent portfolio.